## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRANCE J.M. STOKES, | : | |
| Plaintiff, | : | |
| v. | : Civ. No. 21-145-CFC | |
| PA DEPARTMENT OF CORRECTION, et al., | : | |
| Defendants. | : | |

Terrance J.M. Stokes, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

July 30, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.   INTRODUCTION

Plaintiff Terrance J. M. Stokes, an inmate at the James T. Vaughn Correctional

Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 3)

Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I.

5)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §

1915(e)(2)(b) and § 1915A(a).

## II.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for

screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir.

2008).  Plaintiff alleges that on March 21, 2020, he was threatened by Defendants

Lieutenant Pritts, Lieutenant Whitaker, and the Head of Security at SCI Somerset.  He

alleges that Nurse Roxane told him that she would not go against the officers for any

reason.  He alleges that on the same date, he was injured when Pritts leveled his feet

against the gate, yanked Plaintiff's wrists through the gate, and pulled with all his might

while saying, "let's see how strong your Black ass is." (D.I. 3 at 5)

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

1

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ.

P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

### A.    Eleventh Amendment Immunity

Defendant Pennsylvania Department of Correction is immune from suit. "Because the Commonwealth of Pennsylvania's Department of Corrections is part of the executive department of the Commonwealth, . . . it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).  To the extent Plaintiff seeks injunctive relief against the DOC, it too, is barred by the Eleventh Amendment.  *See Beckett v. Pennsylvania Dep't of Corr.*, 597 F. App'x 665, 667 (3d Cir. 205) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Moreover, the DOC does not qualify as a "person" amenable to suit pursuant to § 1983.  *See Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (citing Will, 491 U.S. at 71).  Therefore, the DOC will be dismissed as a defendant.

### B.    Claims against Individual Defendants

Plaintiff alleges that Pritts, Whitaker, and the Head of Security threatened him. "Words—even verbal threats—alone are insufficient to violate the Eighth Amendment." *Smith v. Sherman*, 2021 WL 1549662, at *2 (M.D. Pa. Apr. 20, 2021) (citing *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner . . . does not violate the Eighth Amendment.").  Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983.  *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant

4

laughed at prisoner and threatened to hang him).  Plaintiff's claims of threats are not cognizable under § 1983.

The claims against Nurse Roxanne does not rise to the level of a constitutional violation.  She merely told Plaintiff the she did not go against her officers.

Finally, Plaintiff has alleged what appears to be a cognizable and non-frivolous excessive force claim against Lieutenant Pritts.

## V.    CONCLUSION

For the above reasons, the Court will:  (1) dismiss Defendants PA Department of Correction, Lieutenant Whitaker, Nurse Roxanne Unknown, and SCI Somerset Head of Security, and claims alleging threats pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2); and (2) allow Plaintiff to proceed against Lieutenant Pritts on the excessive force claim.

An appropriate order will be entered.